NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4062
_____

DEVONIAN PROGRAM, CARL VALERI,
A PARTNER OTHER THAN THE TAX MATTERS PARTNER,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 08-8638)
Tax Court Judge:  Honorable Joseph Robert Goeke
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 12, 2011

Before:  RENDELL, SMITH and FISHER, *Circuit Judges*.

(Filed: August 05, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Carl Valeri appeals a Tax Court decision that it lacked jurisdiction to hear his

petition challenging the Internal Revenue Service's (IRS) Final Partnership

1

Administrative Adjustment (FPAA) to partnership returns. For the following reasons, we will affirm the Tax Court.

I.

We write principally for the parties who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Devonian was organized in 1999 to, according to its Private Placement Memorandum (PPM), "participate in the drilling of oil and/or gas wells" and "for the production and sale of hydrocarbons." (App. at 208.) Carl Valeri ("Valeri") was the sole officer, director, and shareholder of Basin Gas Corporation ("Basin"), which was the attorney-in-fact, program manager, and Tax Matters Partner (TMP) of Devonian, according to Devonian's PPM.

The IRS issued an FPAA asserting adjustments to Devonian's 1999 partnership return. Basin filed a readjustment petition in Tax Court challenging the adjustments, and Valeri filed a separate readjustment petition. The Commissioner of Internal Revenue ("Commissioner") filed a motion to dismiss Valeri's petition for lack of jurisdiction, arguing that I.R.C. § 6226(b)(1) permits Valeri to challenge an FPAA only if Basin, as Devonian's TMP, has not already done so.

The Tax Court held that Basin was Devonian's general partner and qualified as Devonian's TMP. Thus, the Tax Court dismissed Valeri's petition for lack of

2

jurisdiction. Valeri filed a timely notice of appeal. We have jurisdiction pursuant to 26 U.S.C. § 7482(a).

## II.

A partner other than the TMP may file a petition for readjustment with respect to an FPAA only if the TMP did not file a readjustment petition within the 90-day period set forth in I.R.C. § 6226(a). *See* I.R.C. § 6226(b)(1). The Tax Court held that Basin was the TMP of Devonian, that Basin had filed a readjustment petition, and that the Court thereby lacked jurisdiction to hear Valeri's readjustment petition. On appeal, Valeri challenges the Tax Court's finding that Basin was Devonian's TMP. This raises a question of fact which we review for clear error. *Lattera v. Comm'r,* 437 F.3d 399, 401 (3d Cir. 2006).

Valeri first argues that Devonian was not a partnership. The Tax Court correctly held that "[i]n the present case, the validity of the partnership is not disputed." (App. at A-10.) The dispute before us was originally brought before the Tax Court on the Commissioner's motion to dismiss, which only raised the issue of whether Valeri could bring a challenge to the FPAA when a challenge had already been brought by Basin as Devonian's TMP. If there is a question of whether Devonian is in fact a partnership, then it can be addressed in whichever case ultimately proceeds before the Tax Court, be it Basin's case or Valeri's. The Tax Court did not address the issue, and we find that it is not ripe for review.

Valeri next argues that Basin cannot be Devonian's TMP because the relationship between Basin and Devonian was one of agency, not partnership.  The Internal Revenue Code broadly defines partnership to include "a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a corporation or a trust or estate."  I.R.C. § 761(a).  In considering what entities fall within this expansive definition, it is important to look to the intent of the parties.  *Comm'r v. Tower*, 327 U.S. 280, 286-87 (1946).  In doing so, we consider:

> the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent-the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise . . . .

*Comm'r v. Culbertson*, 337 U.S. 733, 742 (1949).

The Tax Court did not clearly err in finding that the relationship between Basin and Devonian is one of partnership.  Basin acquired an interest in Devonian by virtue of having invested $3,000 in exchange for a 17% interest in Devonian's net revenues.  (App. at 225.)  Basin's interest was assignable, and Basin could retain its interest even if it ceased serving as Devonian's general manager.  (*Id.*)  Basin's 1999 tax return treated its $3,000 payment to Devonian as an investment in Devonian.  (*Id.* at 353.)  Furthermore, Devonian's 1999 partnership return identified Basin as the TMP, and even Valeri

4

represented to the IRS that Basin was Devonian's TMP when, acting on Basin's behalf, he executed an IRS form used to extend the statute of limitations on making Devonian partnership adjustments. (*Id.* at 41, 372-73, 432.) In Form 1065 (U.S. Partnership Return of Income) and in Devonian's PPM, Devonian stated that Basin was the designated TMP. Devonian's PPM and Basin's Income Tax Return 1120S and Balance Sheet identify the $3,000 as holding an interest or investment in Devonian. This provides more than enough evidence to support the Tax Court's finding that the relationship between Basin and Devonian is one of partnership and that Basin is Devonian's TMP. Thus, the Tax Court lacked jurisdiction over Valeri's readjustment petition because Basin, as Devonian's TMP, had already filed a readjustment petition.

## III.

For the foregoing reasons, we will affirm the Tax Court.